**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **KAMRAN ALGILANI, D.O.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 3:04-CV-0848-BF (D)** |
| **v.** | ) | |
| | ) | |
| **TEXAS WORKERS' COMPENSATION** | ) | |
| **COMMISSION, et al.,** | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kamran Algilani, D.O ("Plaintiff" or "Algilani") sues the Texas Department of Insurance Division of Workers' Compensation ("Division"); Albert Betts ("Betts"), in his capacity as Commissioner; and William Nemeth, M.D. ("Nemeth"), Medical Quality Review Panel ("MQRP") Director; (collectively "Defendants").[1] Plaintiff alleges that Defendants removed his name from its list of approved doctors ("ADL") or denied him admission to the 2003 ADL without due process of law. This Court previously denied Plaintiff's request for a temporary restraining order and a preliminary injunction. Plaintiff seeks permanent injunctive relief and a declaratory judgment that the procedure for admission to the ADL is unconstitutional.     Defendants seek summary judgment on the grounds that Algilani's requests for relief are barred by the doctrine of sovereign immunity embodied in the United States Constitution's Eleventh Amendment. Additionally, Defendants contend that: (1) this Court's consideration is limited to constitutional issues because state sovereign immunity bars review of the Division's action; (2) Plaintiff has no constitutionally protected property or liberty interest in being on the ADL; and (3) even if some process were due, the process afforded by the Division was adequate for the circumstances. Plaintiff counters that he has a vested right in

---

[1] These Defendants were substituted for the original Defendants, Texas Workers' Compensation Commission ("TWCC"), Richard Reynolds ("Reynolds"), Executive Director of TWCC, and William Nemeth, M.D. ("Nemeth"), because the Texas Legislature abolished TWCC, and the former positions of Reynolds and Nemeth, effective September 1, 2005.

participation in the Texas Worker's Compensation Commission.  He claims that Defendants' decisions to remove his name from the old ADL and deny him admission to the new ADL without an adversarial hearing violated his Fifth and Fourteenth Amendment rights to due process.  Algilani further contends that his removal from the ADL effectively  precludes him from the practice of medicine in the State of Texas and that placing his name on the list of doctors who are denied admission to the ADL damages his reputation.

## I.

Summary judgment is appropriate when the pleadings and record evidence show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).  Only disputes about material facts will preclude the court's granting summary judgment.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  The burden is on the movant to prove that no genuine issue of material fact exists.  *Latimer v. Smithkline & French Labs.,* 919 F.2d 301, 303 (5th Cir. 1990).  If the non-movant bears the burden of proof at trial, the summary judgment movant need not support his motion with evidence negating the non-movant's case.  Rather, the movant may satisfy his burden by pointing to the absence of evidence to support the non-movant's case.  *Little,* 37 F.3d at 1075.  Once the movant meets his burden, the non-movant must show that summary judgement is not appropriate.  *Little,* 37 F.3d at 1075 (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986)).  "[A properly supported summary judgment motion] requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324.  *See* FED. R. CIV. P. 56(e).  To determine whether a genuine issue exists for trial, the court must view all of the evidence in the light most favorable to the non-movant, and the evidence must be sufficient such that a reasonable jury could return a verdict for the non-movant.  *Munoz v. Orr,* 200 F.3d 291, 302 (5th Cir. 2000); *Anderson,* 477 U.S. at 248.

2

**II**.

The ADL is a list of doctors who may lawfully provide health care to injured workers under the Texas workers' compensation system and who may be reimbursed for providing such health care. *See* TEX. LABOR CODE § 408.0231. Any doctor who provides any function under the Texas workers' compensation system is statutorily required to be on the ADL. *Id.* In 2001, the Texas Legislature amended the Texas Labor Code, directing the TWCC to develop a new list of approved doctors. Acts, 2001, 77th Leg., Ch 1456 § 1.01, currently TEX. LABOR CODE § 408.0231. Previously, all doctors licensed within the state of Texas were automatically on the ADL. *See* Acts, 1993, 73rd Leg., Ch. 269 § 1. This provision expired on August 31, 2003. (Def.'s App. at 3-6.) *See* 28 TEX. ADMIN. CODE § 180.20(a)(1). Accordingly, any doctor on the ADL before September 1, 2003, was required to apply for admission to the new ADL. The Division issued a temporary ADL pending the review of the applications, but being on the temporary list did "not constitute 'being on the ADL,' 'approval to be on the ADL,' or 'denial for an application to be on the ADL.'" 28 TEX. ADMIN. CODE § 180.20(e).

Algilani is a doctor of osteopathy licensed by the Texas Board of Medical Examiners to provide medical services in Texas. He was listed on the ADL through August 31, 2003. However, on September 1, 2003, the old ADL expired. On August 22, 2003, Algilani applied for admission to the new ADL. On August 28, 2003, the Division granted Algilani a temporary exception to the requirement to be on the ADL (i.e., it placed him on the temporary list). Algilani's temporary exception continued through January 16, 2004. On that date, Algilani was denied admission to the ADL.

The Quality Monitoring and Enforcement Team ("QMET") had voted on July 15, 2003, to recommend that Algilani be removed from the old ADL. Their recommendation came after a Medical Quality Review ("MQR")(identified as #03-QR-017) during which Algilani had notice and was given the opportunity to respond, and actually did respond. On August 22, 2003, Algilani submitted his application for admission to the new ADL. No action had been taken on

3

his removal from the old ADL because that list expired on September 1, 2003.  QMET voted to deny Algilani's new application on the basis of the quality review it had already performed (quality review #03-QR-017) and the previous recommendations.  Algilani was given the opportunity to, and did in fact, respond again.  Algilani was denied admission to the new ADL on January 16, 2004 because, with respect to the MQR, Algilani: (1) provided health care that did not meet appropriate standards of care; (2) provided health care that was excessive; (3) failed to adequately document the progress of functional gains resulting from the care provided; and (4) failed to adequately document the specific criteria for placement into a work hardening program.

### III.

The Division asserts that the claims against it are barred by the Eleventh Amendment. U.S. CONST. amend. XI.  Although the express terms of the Eleventh Amendment do not bar suits against a State by its own citizens, the United States Supreme Court has consistently found that an "unconsenting State is immune from suits in federal court brought by her own citizens [or brought] by citizens from other States." *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).  "This jurisdictional bar applies regardless of the nature of the relief sought." *Pennhurst*, 465 U.S. at 100-01.  In other words, relief for violations of state law or  retroactive relief for any violation of federal law by state officials remains unavailable. *Pennhurst*,  465 U.S. at 102-03, 106; *Edelman*, 415 U.S. at 664-65.  The only exception allows a federal court to grant prospective injunctive relief against state officials who violate federal law. *Ex parte Young*, 209 U.S. 123, 155-56 (1908); *Aguilar v. Tex. Dept. of Crim. Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998).

Algilani claims that the Division is not entitled to Eleventh Amendment immunity because it is not an arm of the state and possesses an identity sufficiently distinct from that of the state to place it beyond that shield.  Algilani's arguments are not persuasive.[2]  The Division and

---

[2]   Algilani argues that the Division is not an arm of the state because it receives $2.2 million from a "private company, Texas Mutual Insurance Company;" that "the costs associated with this litigation are being paid for by the 'grants' from Texas Mutual;" and that the Division is more akin to a county or city than an arm of the state.  (Pl.'s Br. at 9-10.)  The Court disagrees.

its predecessor agency TWCC are statutorily created arms of the state of Texas.  *See Ogundipe v. Tex. Workers Comp. Comm'n*, No. 3:03-CV-0784-K, 2003 WL 21145580, at *1 (N.D. Tex. Apr. 24, 2003) (report and recommendation of the United States Magistrate Judge) (adopted in 2003 WL 21488152 (N.D. Tex.  May 14, 2003)) (citing TEX. LAB. CODE § 402); *Weldon v. Tex. Workers Comp. Comm'n*, No. 4:04-CV-516-Y at 11 (N.D. Tex. Oct. 13, 2004) (Bleil, C.); *Tex. Workers Comp. Comm'n v. Horton*, 187 S.W.3d 282, 285 (Tex. App. – Beaumont March 9, 2006).  Accordingly, any relief against the Division is barred by Eleventh Amendment Immunity.

Algilani also seeks injunctive relief against Betts and Nemeth.[3]  Although the Eleventh Amendment bars suits against state officials acting in their official capacity when the real party in interest is the state, a limited exception exists when a suit seeking prospective injunctive relief challenges the constitutionality of a state official's actions.  *Ex parte Young*, 209 U.S. at 155-56. Accordingly, the Court will assume for purposes of this motion that the *Young* exception is applicable.

### III.

A state's administrative orders are not subject to judicial review unless a statue provides a right of review, the order adversely affects a vested property right, or the order violates the United States Constitution.  *See Continental Cas. Co. v. Functional Restoration Assocs.*, 19

---

The  possibility that TMIC authorizes grants to the Division's budget in order to mitigate the costs of medical care in the workers' compensation system does not vitiate Eleventh Amendment protection as the state of Texas is generally responsible for judgments rendered against its agencies and because the state provides a large portion of the Division's funding.  *See Regents of the Univ. of Calif. v. Doe*, 519 U.S. 425, 431 (1997)("Accordingly, we reject respondent's principal contention–that the Eleventh Amendment does not apply to this litigation because any award of damages would be paid by the Department of Energy, and therefore have no impact upon the treasury of the State of California.  The Eleventh Amendment protects the State from the risk of adverse judgments even though the State may be indemnified by a third party.")

[3]  Algilani claims he was removed from the ADL, but this not correct.  The old ADL expired while he was still on the list and he was subsequently denied admission to the ADL. The Court will construe his request for relief as a request that his application be re-opened because he was denied an adversarial hearing before the Division rendered an adverse decision on his application.

S.W.3d 393, 397 (Tex. 2000).  The Texas Labor Code does not provide for judicial review of denial of admission to the ADL.  In his attempt to establish a property right, Algilani relies on cases which involve tangible property that plaintiffs owned, *see Ewing v. Mytinger & Castleberry, Inc.*, 339 U.S. 594 (1950); *Trapp v. Shell Oil Co.*, 198 S.W.2d 424 (Tex. 1945), or applicable statutes that created an expectation to the license, therefore, necessitating procedural due process.  *See, e.g., Goldsmith v. U.S. Bd. of Tax Appeals*, 270 U.S. 117 (1926).  The Court finds that Algilani's reliance on such cases is misplaced.  Here, Algilani applied for admission to the ADL, but the Texas Labor Code allowed the Division to exercise discretion in approving or denying applications for admission.

To have a property interest in a benefit, a person must have a legitimate claim of entitlement to the benefit which amounts to more than an abstract need or desire for it and more than a unilateral expectation that he will receive it. *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972).  "Professional licensure can be the subject of a property interest subject to due process requisites." *Leland v. Miss. Bd. of Reg. for Prof. Eng. and Land Surv.*, 841 F. Supp. 192, 198 (S.D. Miss. 1993).  However, the Division did not deny Algilani a professional license to practice medicine.  Rather, the Division exercised its discretion to deny him admission to an administrative program designed to facilitate treatment of injured workers in Texas by compensating doctors for treating them.  Algilani may practice medicine and treat patients outside the workers' compensation program.  In *Weldon*, a case that is factually and legally similar to this case, the Court noted, "Merely because government may not unreasonably interfere with a person's right to practice his profession does not mean that it must pay him to practice it." *Weldon*, No. 4:04-CV-516-Y at 11 (citing *Sandefur v. Cherry*, 718 F.2d 682, 688 (5th Cir. 1983)).  The Court finds that Algilani did not have a property interest in admission to the ADL.

Algilani complains that excluding him from the ADL subjected him to the loss of patients and damaged  his reputation in the medical community, thus denying him a liberty interest.  "To establish a liberty interest sufficient to implicate Fourteenth Amendment safeguards,

6

the individual must not only be stigmatized but also must be stigmatized in connection with a denial of a right or status previously recognized under state law." *Moore v. Otero*, 557 F.2d 435, 437-38 (5th Cir. 1977). Here, no liberty interest is implicated because there was no alteration of a right or status. Algilani was merely an applicant for admission to the new ADL. Neither his previous practice under the old ADL, nor his practice under the temporary exception, created an expectation of a right or status recognized under state law. Moreover, a liberty interest is violated when published information disparages a party's reputation for honesty or for morality. *See Board of Regents*, 408 U.S. at 573. Plaintiff has not provided competent summary judgment evidence that a liberty interest was violated. Although state law requires public disclosure of the list of applicants who are denied admission to the ADL, the listing neither singles out Algilani for disparagement nor amounts to an allegation of dishonesty or immorality. Accordingly, the Court holds that Algilani has failed to show a liberty interest in admission to the ADL.

Due process requires notice and an opportunity to be heard. *Mathews v. Eldredge*, 424 U.S. 319, 334 (1976). A court must balance the party's interest against that of the government to determine the nature and extent of the process that is due. *Id.* Even assuming that Algilani was entitled to due process, the Court finds that, balanced against the State's interests, the process which the Division used in denying Algilani admission to the ADL sufficiently protected him. The due process rights implicated by a doctor's removal from, or non-admittance to, the ADL are not the same as those implicated when a medical license is removed. *See Bell v. Texas Workers Compensation Commission*, 102 S.W.3d 299, 304 (Tex. App.–Austin 2003, no pet.). Algilani's attempts to equate his failure to be admitted to the new ADL with the loss of his medical license are specious. The cases he cites are not dispositive of the issue before the Court. Additionally, his conclusory allegations that he was singled out for this treatment as an "end-run" around giving him an adversarial hearing before removing him from the ADL are not supported by the operative facts.

Algilani received notice of the Medical Quality Review by a letter dated April 3, 2003, before the old ADL expired. The initial review of the records concerned the medical care he had provided to five workers' compensation claimants. The first level of review was conducted by a Registered Nurse Reviewer, under the direction of the Medical Advisor. Next, two doctors who were members of the Medical Quality Review Panel ("MQRP") reviewed the records and provided their analyses and conclusions in answer to questions on worksheet summaries of the cases under review. These conclusions are called "Preliminary Findings." The Preliminary Findings were sent to Algilani on May 15, 2003, with an opportunity to respond.

Algilani responded on May 27, 2003. The Preliminary Findings and Algilani's response were provided to other MQRP reviewers who were members of the MQRP Executive Council. The MQRP Executive Council is a panel of ten specially qualified doctors selected from the MQRP, which includes four specialists in Occupational Medicine, one of whom, like Algilani, is a Doctor of Osteopathy. The Executive Council met on June 13, 2003, and reviewed the Preliminary Findings and Algilani's response and made a recommendation to the Medical Advisor. The Medical Advisor considered all the information and the recommendation of the Executive Council and sent a June 20, 2003 letter to Algilani stating that an initial decision to remove Algilani from the ADL had been made.

Algilani was not removed from the old ADL before it expired. The Commission used the MQR of Algilani in its review of his application to the new ADL. On September 4, 2003, the Commission notified Algilani by letter of its intent to deny his application for admission to the new ADL and gave him yet another opportunity to file a response. Algilani submitted his response on September 19, 2003. The Commission considered the response and, through the QMET, made its final decision on January 16, 2004, to deny Algilani's application. Algilani was notified of the denial of his application for admission to the ADL on that date.

The Division gave Algilani notice and several opportunities to respond in writing and

considered his responses at appropriate levels of review.  The Constitution does not grant a citizen an unrestricted privilege to engage in a particular profession or a privilege to conduct business according to his own wishes.  *Nebbia v. People of State of New York,* 291 U.S. 502, 527-28 (1934); *Hawkins v. Agri. Mktg. Serv.,* 10 F.3d 1125, 1133 (5th Cir.1993).  Furthermore, the state has a legitimate interest in maintaining the quality of medical care that doctors provide within its borders.  *Bigelow v. Virginia*, 421 U.S. 809, 827 (1975); *Barsky v. Bd. of Regents*, 347 U.S. 442, 451 (1954).  Balancing the interests, the Court finds that the process provided by statute, which was undisputably followed in this case, is not unconstitutional.

## Conclusion

No genuine issue of material fact is in dispute.  The Texas Legislature has vested the Division with authority to develop a list of doctors approved to provide health care services under the workers' compensation program. *See* Tex. Labor Code Ann. § 408.023(a) (Vernon Supp. 2005).   An ADL applicant does not have a property interest or a liberty interest that requires an adversarial hearing before he or she is denied admission to the ADL.  *Weldon*, No. 4:04-CV-516-Y at 11 (order finding that neither a property interest nor a liberty interest is implicated).  As a matter of law, Algilani was not removed from the new ADL.  Algilani was never on the new list and has no constitutional right to be placed upon the list.  Moreover, he has not shown that he cannot receive training, correct the deficiencies that kept him off the list, and then reapply for admission to the ADL.  Algilani has not shown that the statutes are unconstitutional either as written, or as applied.  Nor has he shown that he is entitled to a permanent injunction or declaratory relief.  Accordingly, Defendants' Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED,  July 18, 2006.


_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

9